1

2                           UNITED STATES DISTRICT COURT
                                  DISTRICT OF NEVADA
3

4   Jerome Brown,                              Case No. 2:23-cv-00692-CDS-EJY

5                    Plaintiff         **Order Granting Defendants' Motion to
                                        Dismiss and Denying Plaintiff's Motion for
6        v.                                    Preliminary Injunction**

7   Warden Oliver, et al.,
                                                   [ECF Nos. 22, 24, 53]
8                    Defendants

9

10          This is a pro se civil rights case under 42 U.S.C. § 1983 filed by plaintiff Jerome Brown

11   against defendants Ronald Oliver,[1] Jeremy Bean, Michael Minev, Nevada Attorney General

12   Aaron D. Ford, and Nevada Deputy Attorney General Rudolf M. D'Silva (collectively

13   "defendants"). Second am. compl., ECF No. 3. Because Brown applied to proceed *in forma pauperis*,

14   his complaint was screened by Magistrate Judge Elayna J. Youchah, who found that two of

15   Brown's claims could proceed. ECF No. 7. Defendants filed a motion to dismiss those claims

16   (ECF No. 22), Brown responded (ECF No. 26), defendants replied (ECF No. 30), and Brown,

17   despite not seeking leave to submit one, filed a sur-reply (ECF No. 34). Brown also filed a

18   motion for preliminary injunction. ECF No. 53.[2] Because I grant defendants' motion to dismiss, I

19   deny Brown's motion for preliminary injunction as moot.

20          Brown makes Eighth Amendment claims for excessive force and deliberate indifference

21   to serious medical needs. Screening order, ECF No. 7 at 4–7. These arise out of two separate

22   events in 2004 while Brown was incarcerated at High Desert State Prison: a surgery in which a

23   surgical clamp was allegedly left in Brown's body and a cavity search. *Id.* at 5–8. He asserts that

24   _____

25   [1] This lawsuit was originally filed with Warden Isidro Baca as the primary defendant. Because Baca
     retired in 2021, Southern Desert Correctional Center Warden Ronald Oliver has replaced Baca as the
26   primary defendant. Notice, ECF No. 62 at 2 n.1.
     [2] Brown also filed a motion to extend time to file a response to the motion to dismiss (ECF No. 24) which
     the defendants opposed (ECF No. 25). Seeing as no harm was caused by the delay and the response was
     only a couple of days after the two-week deadline, I grant this motion.

1  he continues to feel pain because the surgical clamp remains in his body. ECF No. 3 at 5. In

2  defendants' motion to dismiss, they argue that the statute of limitations has long since passed,

3  barring any claims Brown may have over events that occurred twenty years ago. ECF No. 22.[3]

4  I.    **Legal Standards**

5  The applicable statute of limitations for a cause of action under § 1983 is the statute of

6  limitations established by the forum state for personal injury torts. *Wallace v. Kato*, 549 U.S. 384,

7  387 (2007); *see also Lukovsky v. City & Cnty. of San Francisco*, 535 F.3d 1044, 1048 (9th Cir. 2008)

8  (applying same statute of limitations to § 1983 claims). In Nevada, the statute of limitations for

9  personal injury claims, and for § 1983 actions brought here, is two years. Nev. Rev. Stat.

10 § 11.190(4)(e); *see also Perez v. Seevers*, 869 F.2d 425, 426 (9th Cir. 1989).

11 "A statute of limitations begins to run on the date on which the plaintiff's claim

12 'accrues.'" *Pouncil v. Tilton*, 704 F.3d 568, 573 (9th Cir. 2012) (citation omitted). "Federal law

13 determines when a cause of action for a § 1983 claim accrues and, hence, when the statute of

14 limitations begins to run." *Id.* (citation omitted). Under federal law, a claim accrues "when the

15 plaintiff knows or has reason to know of the injury that is the basis of the action." *Id.* at 574

16 (citation omitted).

17 Federal courts apply the forum state's law regarding tolling, including equitable tolling,

18 when not inconsistent with federal law, to civil rights claims filed under § 1983. *Johnson v. State of*

19 *Cal.*, 207 F.3d 650, 653 (9th Cir. 2000) (citations omitted). Equitable tolling addresses not when

20 the limitations period begins, but when it ends. *Soto v. Sweetman*, 882 F.3d 865, 871 (9th Cir. 2018).

21 The statute of limitations is tolled while an inmate is actively exhausting administrative

22 remedies. *See id.* at 875; *Brown v. Valoff*, 422 F.3d 926, 943–44 (9th Cir. 2005).

23

24

25

26 [3] Defendants also argue that Brown's claims are barred by qualified immunity, but because I find that Brown's claims are barred by the statute of limitations, I do not reach a conclusion as to qualified immunity.

1  II.      Analysis

2        Brown alleges his Eighth Amendment rights were violated in 2004 but this lawsuit was

3  not filed until 2023. ECF No. 1. In his response to the defendants' motion to dismiss, Brown

4  mentions several cases he filed previously: (1) Case No. 2:04-cv-01493-RCJ-LRL ('1493) and (2)

5  Case No. 2:04-cv-01495-GMN-BNW ('1495).[4] ECF No. 26 at 2. Regarding the three cases, he

6  states that "this fact needs to be further investigated before the Court rules on the Defendants

7  Statute of Limitations." *Id.* at 1–2. After reviewing the filings in all three cases, it appears they

8  may have been based on the same events, but each was dismissed without prejudice in 2004

9  before substantive briefing began. Brown did not refile any of the three cases, and this action,

10 commenced in 2023, appears to be the first time he has sought to pursue these claims since

11 2004.

12        When a case is dismissed without prejudice, a plaintiff may refile at any time. *See Morris v.*

13 *Travis*, 2015 WL 7015327, at *2 (N.D. Cal. Nov. 12, 2015). "[I]f the suit is dismissed without

14 prejudice, meaning that it can be refiled, then the tolling effect of the filing of the suit is wiped

15 out and the statute of limitations is deemed to have continued running from whenever the cause

16 of action accrued, without interruption by that filing." *O'Donnell v. Vencor, Inc.*, 466 F.3d 1104, 1111

17 (9th Cir. 2006) (citing with approval *Chico-Velez v. Roche Prod., Inc.*, 139 F.3d 56, 59 (1st Cir. 1998)),

18 which cited eight federal circuits for the rule that the statute of limitations is not tolled when a

19 complaint containing the same claims as a later suit is dismissed without prejudice); *see also*

20 *Elmore v. Henderson*, 227 F.3d 1009, 1011 (7th Cir. 2000). As the defendants correctly point out, the

21 statute of limitations on the 2004 incidents would have run two years after they occurred, or in

22 2006. Therefore, Brown's claims, raised more than eighteen years since the statute of limitations

23 has run, are barred by the statute of limitations and his claims are dismissed without prejudice.

24

25 _____

26 [4] Brown references a third case, "CV-S-04-1495-PMP-RJJ," which does not follow the standard docket numbering system in this district. When put into the standard format "2:04-cv-1495," this case is the same as the second one listed. Because I have no other way of verifying what case this is, I can only consider the first two that Brown cites.

1    However, should Brown file a claim and allege sufficient facts regarding medical

2  indifference he is experiencing *now* as a result of the allegations he makes about a surgical clamp

3  still inside his body, this claim would not be barred by the statute of limitations. Additionally,

4  although his Eighth Amendment claim regarding the alleged 2004 cavity search is barred by the

5  statute of limitations, should he claim, and allege facts, that establish a claim for sexual assault

6  under the civil action sexual assault statute, NRS 11.217,[5] Nevada imposes no statute of

7  limitations on such claims.[6]

8    In his response, however, Brown requests documents from his three previously filed

9  cases. Prisoners have a constitutional right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343,

10  346 (1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977); *see also Bradley v. Hall*, 64 F.3d 1276, 1279 (9th

11  Cir. 1995), *overruled on other grounds by*, *Shaw v. Murphy*, 532 U.S. 223, 230 n.2 (2001), *and Lane v.*

12  *Swain*, 910 F.3d 1293, 1296 (9th Cir. 2018) (discussing the right in the context of prison grievance

13  procedures). This right requires that prisoners have the capability of bringing challenges to

14  sentences or conditions of confinement. *See Lewis*, 518 U.S. at 356–57. The right applies to non-

15  frivolous criminal appeals, habeas corpus actions, and § 1983 suits. *See id.* at 353 n.3, 354–55. I

16  find that for Brown to appreciate his legal situation regarding the 2004 claims, he should have

17  access to certain filings and decisions made in the two 2004 cases, '1493 and '1495. Therefore,

18  from 2:04-cv-01495-GMN-BNW, the clerk of court is ordered to furnish Brown with copies of

19  the documents and exhibits attached to ECF No. 3 (judgment order); ECF No. 5 (mot. to reopen

20  case); ECF No. 7 (order denying mot. to reopen case); ECF No. 8 (minute order). And from 2:04-

21  cv-01493-RCJ-LRL, the clerk of court is ordered to furnish Brown with copies of the documents

22  and exhibits attached to ECF No. 2 (order denying *in forma pauperis* motion) and ECF No. 3

23  

24  [5] Nev. Rev. Stat. § 11.217 relies on the definition of sexual assault enumerated in the Nevada criminal
sexual assault statute at Nev. Rev. Stat. § 200.366.

25  [6] Nevada Senate Bill 129 made changes to Chapter 11 of the Nevada Revised Statutes ("NRS") that were
immediately effective on May 31, 2023, the most recent publication of the NRS is the 2021/2022 edition.

26  *See* Nevada Legislative Counsel Bureau, Nev. Law Library, https://www.leg.state.nv.us/law1.html (last
visited Jan. 24, 2024). It abolished the statute of limitations for civil actions involving sexual assault
against victims over 18 years old. S.B. 129, 2023 Leg., 82nd Sess. (Nev. 2023).

1 (judgment). Because I dismiss Brown's claims, his motion for preliminary injunction is denied as

2 moot.

3 III.    Conclusion

4        IT IS THEREFORE ORDERED that defendants' motion to dismiss Brown's claims [ECF

5 No. 22] is GRANTED and Brown's second amended complaint is dismissed without prejudice.

6        IT IS FURTHER ORDERED that Brown's motion to extend [ECF No. 24] is

7 GRANTED.

8        IT IS FURTHER ORDERED that Brown's motion for preliminary injunction [ECF No.

9 53] is DENIED as moot.

10       The Clerk of Court is ordered to furnish Brown with copies of the documents and

11 exhibits attached to ECF No. 3 (judgment order); ECF No. 5 (mot. to reopen case); ECF No. 7

12 (order denying mot. to reopen case); ECF No. 8 (minute order) in Case No. 2:04-cv-01495-

13 GMN-BNW.

14       The Clerk of Court is further ordered to furnish Brown with copies of the documents and

15 exhibits attached to ECF No. 2 (order denying *in forma pauperis* motion) and ECF No. 3

16 (judgment) in Case No. 2:04-cv-01493-RCJ-LRL.

17       Finally, the Clerk of Court is kindly instructed to substitute Warden Baca with Warden

18 Ronald Oliver as the primary defendant, and to close this case.

19       Dated: November 15, 2024

20                                              _____

21                                              Cristina D. Silva
                                                United States District Judge

22

23

24

25

26